UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAWNDREKA WASHINGTON**      :      **CASE NO.  2:22-CV-04979**

**VERSUS**      :      **JUDGE JAMES D. CAIN, JR.**

**XYZ INSURANCE CO**      :      **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

This suit concerns alleged insurance coverage for damage from Hurricane Laura and Hurricane Delta. Doc. 2.  Plaintiff Shawndreka Washington filed suit in this court against the fictitious entity XYZ Insurance Company, claiming breach of insurance contract, bad faith, and negligent infliction of emotional distress. *Id.*  Plaintiff alleges this court has diversity jurisdiction over the instant action under 28 U.S.C. §§ 1332 and 1441. *Id.* at ¶ 3.  Plaintiff subsequently filed a Motion to Amend/Correct Complaint seeking to replace XYZ Insurance Company with the Louisiana Insurance Guaranty Association ("LIGA") as defendant.[1] Doc. 6.  For the reasons discussed below, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to

---

[1] It is puzzling how plaintiff could suggest her insurance company acted in bad faith when use of a fictitious name for the defendant would indicate she does not know who her insurer is.  It is equally puzzling to know how plaintiff would know her insurer was insolvent, so that seeking to make LIGA a party would be appropriate, if in fact she does not know who her insurer is.

the attorney's or party's attention." If the paper stricken is the complaint, the effect of striking is "a dismissal of the action." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (internal citation omitted). Plaintiff's attorney failed to sign both the original complaint [doc. 1] and the corrected complaint [doc. 2]. Accordingly, we recommend that the court strike these "unsigned paper[s]" for violation of Rule 11's mandate and dismiss the matter without prejudice.

In the event that the district court determines that striking the original complaint pursuant to Rule 11 is not be the appropriate approach, then we recommend this action be dismissed for violation of Rule 4(m) of the Federal Rules of Civil Procedure and this court's Local Rule 41.3. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Additionally, under this court's Local Rules, any judge of this court may dismiss a civil action for failure to prosecute where "no service of process has been made within 90 days after filing of the complaint." LR41.3(A). In the instant matter, plaintiff has made no effort to substitute her insurer as defendant in place of the fictitious XYZ Insurance Company, and thus, plaintiff's insurer has yet to be served. Summons was issued as to the fictitious defendant. Doc. 5. However, service upon a fictitious entity cannot be perfected, and we have received no evidence from plaintiff that anyone was actually served the summons and a copy of the complaint. Through issuance of this Report and Recommendation and because no defendant has been served, well over 90 days having passed since the complaint's filing, we recommend that this civil action be dismissed without prejudice for failure to prosecute.

If asked to consider the plaintiff's Motion to Amend/Correct Complaint alone, we could not grant it. Doc. 6. Plaintiff seeks leave to amend her original complaint to substitute the

Louisiana Insurance Guaranty Association ("LIGA") as defendant in place of XYZ Insurance Company. *Id.* Although leave to amend pleadings should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to grant leave is squarely in the discretion of the court. *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).

Plaintiff is a Louisiana citizen [doc. 2, ¶ 1], as is LIGA. *See Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen.")). A plaintiff's joinder of a non-diverse party destroys diversity jurisdiction, even when complete diversity existed at the time the suit was filed.[2] *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022). For this reason, the motion must be denied, as the addition of LIGA as a defendant would destroy the court's diversity jurisdiction, if it ever existed, under 28 U.S.C. § 1332, and thus, the amendment would be futile. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). We therefore deny the motion.[3]

For the foregoing reasons, it is **RECOMMENDED** that the original Complaint for Damages [doc. 1] and the corrected Complaint for Damages [doc. 2] be **STRICKEN FROM THE**

---

[2] Insofar as we do not know who the proper defendant was, we cannot determine whether the original suit was properly filed in the first instance. If the fictious defendant insurer was insolvent at the time suit was filed, then the insurance company would be protected from suit and the complaint would need to be dismissed. *See* Order to Show Cause, *Hemenway v. Southern Fidelity Ins. Co.*, No. 2:22-cv-03726 (W.D. La. May 4, 2023) ("Once an insurance company 'becomes insolvent, it ceases to exist.' *Tyburczy v. Graham*, No. 91-1978, 1994 WL 150724, at *3 (E.D. La. Mar. 30, 1994)").

[3] In other litigation, this court has applied the four-prong balancing test from *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) in a non-removed case to determine whether to allow an amendment to add a non-diverse party. *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022). We do not do so here because the absence of an active defendant has not allowed for fully developed adversarial briefing on the *Hensgens* factors.

**RECORD** for violation of Rule 11 of the Federal Rules of Civil Procedure and that the matter be **DISMISSED WITHOUT PREJUDICE**.

Alternatively, through issuance of this Report and Recommendation and because no defendant has been served, well over 90 days having passed since the complaint's filing, it is **RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute.

Should the district court decline to adopt either of the recommendations proposed above, then plaintiff's Motion to Amend/Correct Complaint [doc. 6] is **DENIED** as futile. The clerk need not docket this denial unless and until the district court decides the recommendations should not be adopted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE